■    THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. WAYNE BUCHANAN, Appellant.— On the call of the calendar, upon the court's own motion, the appeal of this defendant, Wayne Buchanan, is severed from the appeal of the codefendant Bauts; appellant's time to perfect the appeal is enlarged to the January Term, beginning January 2, 1963; and appeal ordered on the calendar for said term, peremptorily against appellant. Beldock, P. J., Kleinfeld, Christ, Brennan and Hopkins, JJ., concur.

■    THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOSEPH PARKER, Appellant.— In a *coram nobis* proceeding, defendant appeals, as limited by his brief, from so much of an order of the County Court, Kings County, dated March 12, 1962 as, upon reargument, adhered to its original decision, rendered November 30, 1961, which denied, without a hearing, his application for resentence on a judgment of said court, rendered June 22, 1944 on his plea of guilty, convicting him of assault in the first degree and sentencing him to serve a term of 5 to 10 years, plus an additional term of 5 to 10 years for being armed (Penal Law, § 1944). The defendant's first motion has been considered as one in the nature of a *coram nobis* application to vacate a judgment of conviction. Order, insofar as appealed from, affirmed. No opinion. Beldock, P. J., Christ, Brennan, Hill and Hopkins, JJ., concur.

■    THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. PALMA VITALE, Appellant.— Appeal by defendant from a judgment of the County Court, Kings County, rendered December 18, 1961 after a jury trial, convicting her of criminal contempt of court (Penal Law, § 600, subd. 6), and suspending sentence. Judgment affirmed. Defendant's indictment and subsequent conviction stem from her refusal to testify before a Grand Jury investigating the crimes of murder and attempted strangulation which appeared to have been committed in accordance with a preconceived plan and conspiracy. In our opinion, immunity was properly conferred on the defendant by the Grand Jury. In view of defendant's willful and persistent refusal to answer any and all questions relevant to the Grand Jury's inquiry, an explicit direction by the court to answer each question propounded to her was unnecessary (cf. *Piemonte* v. *United States,* 367 U. S. 556, 558–559). We have examined the other arguments advanced by defendant and find them to be without merit. Beldock, P. J., Christ, Brennan, Hill and Hopkins, JJ., concur.